IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 22-00261-01-CR-W-RK |
| ) | |
| CLAUDE NGENEVU CHI, ) | |
| ) | |
| Defendant. ) | |

ORDER

On November 18, 2022, the Grand Jury returned a four-count Indictment charging defendants Claude Ngenevu Chi, Francis Chenyi, Sr., and Lah Nestor Langmi with Conspiracy to Provide Material Support or Resources to Terrorists (Count One), Receiving Money From a Ransom Demand (Count Three), and Conspiracy to Launder Monetary Instruments (Counts Four). Defendants Chi and Chenyi are also charged with Providing Material Support or Resources to Terrorists (Count Two). A detention hearing was held before United States Magistrate Judge Jill A. Morris on December 1, 2022. Defendant Chi was detained as both a danger to the community and as a flight risk. The Order of Detention Pending Trial lists the reasons for detention as follows: Weight of evidence against the defendant is strong; Subject to lengthy period of incarceration if convicted; and Significant family or other ties outside the United States. (Doc. #18 at 2-3.) Further, the Order of Detention Pending Trial states:

> Defendant holds a senior leadership role in an organization that supplies resources and components to aid a militant separatist group with kidnappings, attacks and ransoms related to the conflict in Cameroon. Defendant's affiliation in such organization has been ongoing since at least 2018. Defendant has received and participated in conversations regarding the use of [Improvised Explosive Devices] as part of the conflict.

(*Id.* at 3.)

On December 14, 2022, new counsel entered his appearance on behalf of defendant Chi. On January 10, 2023, defense counsel filed a Motion for Reconsideration of Detention Order (Doc. #46) pursuant to 18 U.S.C. § 3142(f). Section 3142(f) provides that a detention hearing may be reopened under the following circumstances:

> The [detention] hearing may be reopened . . . if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 3142(f).

Defendant Chi provides the following "new information" to support his argument to reopen the detention hearing:

**(1) The nature and circumstances of the offense charged**

\* \* \*

> Contrary to evidence presented by the government Mr. Chi is not a member of an "organization." He is a citizen [of] English speaking Cameroon,[1] known as "Ambazonia." In 1961, the United States Government along with 63 other countries in the United Nations voted for recognition of Independence for English Speaking Cameroonians.
>
> In 2016, lawyers and teachers began a peaceful protest against the continued implementation of the French language and law into English speaking territory of Cameroon. The French government of Cameroon responded with bullets and escalated what has turned into a bloody civil war. It is well documented that the human rights abuses from the French Government are horrific.

---

[1]The Court notes that defendant Chi advised the Pretrial Services Office that he is a naturalized citizen of the United States and that he does not have citizenship in Cameroon. (Pretrial Services Report at 1; Doc. #11.)

The government has failed to produce any discovery yet in this matter. In its filings so far it has severely mischaracterized the conflict in Cameroon. The French Government of Cameroon continues to rape, kill, burn, and terrorize English Speaking Cameroonians. The Government's characterization of Mr. Chi as part of an organization fails to provide the correct historical context of Cameroon. Counsel intends to have a witness available if the Court wants further information on the current conflict.

**(2) The history and characteristics of the person**

Mr. Chi lives in Lees Summit, Missouri he is married and has two children. His youngest daughter is Ivy Chi and was born at 24 weeks old which, carries a heavy medical burden. Mr. Chi primarily cares for his children because his wife is attending medical school away from the home. He is responsible for all of his youngest daughter's medical appointments and care. His wife will be out of the country in January for schooling.

Counsel believes that the medical circumstances of his daughter which was not presented fully changes the circumstances concerning the detention of Mr. Chi. When combining the family circumstances with his longstanding business in the community there are conditions that will reasonably assure his appearance and the safety of the community.

Mr. Chi owns and operates a market in Raytown, Missouri. This business provides the main source of income for his family. If he remains detained the burden on his family will be tremendous. His friends and family are trying their best to keep it running but without Mr. Chi available to them the store will likely fail.

Mr. Chi has no criminal history and has substantial support in his community. The fact that members of the community are coming together to help Mr. Chi's store is evidence that he is loved in his community and would not be a threat if released.

**(3) The nature and seriousness of the danger to any person or the community that would be posed by the person's release**

The last conduct alleged in the indictment happened a year ago. In over a year there have been no safety concerns with Mr. Chi. No criminal activity has taken place. Letters attached to this motion reflect the support he has in his community.

(Doc. #46 at 2-4.)

Having considered the information and argument set out in the defendant's motion, the Court finds that the characterization of the conflict in Cameroon is not significant to the issues before this Court as to whether this defendant poses a danger to the community or a flight risk. What is significant is the evidence presented as to this defendant's role in supplying resources and components to aid with kidnappings, attacks, and ransoms in a way that is a violation of the laws of the United States, regardless of whether the defendant considers such actions justified.[2]

With respect to the history and characteristics of the defendant, previous counsel argued the following at the detention hearing:

> . . . Your Honor, Mr. Chi has no prior record of any sort. He owns and operates a grocery store in Raytown. He's married. He has two kids, aged two and four years old. His mother lives with them. His mother-in-law lives with them. As the Court can see, he has tremendous community ties. He's been here. He's naturalized. He's been here for 11 years. He has no plans on abandoning his family, and I believe he does not pose a flight risk.

(Doc. #26 at 46.) While the Court sympathizes with the burden that the defendant's detention will present given his child's medical condition, childcare issues, and the operation of the family

---

[2]The same argument has been made by co-defendant Chenyi. In ruling on whether defendant Chenyi should be detained, the Honorable Roseann Ketchmark stated:

> And I'm sure that in the defendant's heart, he's making extremely honorable efforts. But that is just more reason for . . . the passion and . . . to continue . . . his efforts because this is life and death to his people and those folks similarly situated in Cameroon.
>
> And I can't judge the atrocities that the Cameroon government may be handing out and the inhumane, tortuous, horrific situation in Cameroon. All I can focus on is the rules and the laws and that there are very important and good rationale and reasons for monitoring the conduct of our U.S. citizens and their relations with international communities. So I am going to order that the defendant be detained.

(Doc. #67 at 58.)

business, these issues do not outweigh the defendant's danger to the community as outlined in the Order of Detention Pending Trial.

With respect to the danger that would be posed by the defendant's release, defendant Chi argues that the last criminal conduct alleged in the indictment happened a year ago and that since then there have been no safety concerns and no criminal activity. Contrary to this argument, Counts One and Four of the Indictment charge defendant Chi with criminal activity continuing to the present. At the detention hearing, the government contended that the defendant's release would endanger persons not just in the United States, but in Cameroon as well. (Doc. #26 at 43-44.)

Finally, the defendant provided the Court with letters of support from his community. However, the fact that the defendant may have community support and a history of helping others does not negate the reasons upon which the Court ordered detention.

All in all, even if the detention proceedings were to be reopened, there is still clear and convincing evidence that defendant Chi would be a danger to the community and a preponderance of evidence that he would be a flight risk (would not appear as directed).

Accordingly, it is

ORDERED that defendant Chi's Motion for Reconsideration of Detention Order (Doc. #46) is denied.

*/s/ Lajuana M. Counts*
Lajuana M. Counts
United States Magistrate Judge