IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 4:22-CR-261-RK |
| vs. ) | |
| ) | |
| CLAUDE CHI, ET AL., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' JOINT REPLY IN SUPPORT OF
MOTION FOR JUDICIAL NOTICE, ADVANCED
MOTION IN LIMINE TO ADMIT EVIDENCE, AND
PROPOSED THEORY OF DEFENSE**

Defendants, Claude Chi, Francis Chenyi, Sr., and Lah Langmi, by and through undersigned counsel, and pursuant to Rule 201 and Rule 803(8) of the Federal Rules of Evidence, and the Fifth and Sixth Amendments to the United States Constitution, offer this reply in support of their request for the Court to take judicial notice and admit certain evidence before trial in support of their proposed theory of defense.

The government does not dispute that a pretrial resolution of these issues would mutually benefit the parties, promote judicial and government resources, and protect Defendants' due process rights by enabling them to intelligently negotiate potential plea agreements that could obviate the need for a jury trial. The Court should grant Defendants' joint motion for judicial notice, motion in limine, and requested theory of

1

defense for the following reasons:

> **1. The proffered factual matters and documents for judicial notice constitute government records that are admissible under the public records exception to hearsay, Fed. R. Evid 803(8).**

The Government concedes the Court may take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). The government also concedes the Court may judicially notice judicial opinions, public records, and political matters and political conditions of countries involved in litigation.

The government, however, argues the court should be cautious in judicially noticing facts that may be irrelevant, lack foundation, or contain hearsay (Gov. Response at 5). The government also argues a court cannot judicially notice documents if they are offered for the truth of the matters within them asserted and the opposing party disputes those matters. *Id*. The government relies on a footnote from *N. Oil & Gas, Inc. v. EOG Res., Inc.*, 970 F.3d 889 (8th Cir. 2010) and *Kushner v. Beverly Enterprises, Inc.*, 317 F.3d 820 (8th Cir. 2003). Neither case provides a basis to not judicially notice the proffered facts and documents.

*N. Oil & Gas* involves an affidavit from an individual witness that recounted her understanding regarding whether she believed she was acting in a

2

representational capacity. *Kushner* involved the exclusion of documents that were primarily not filings from the Securities and Exchange Commission. In contrast, the facts and documents at issue proffered by the Defendants are not from individual witnesses but are public records generated from official government sources.

A record or statement of a public official is not excluded by the rule against hearsay if it sets out 1) the office's activities, 2) a matter observed while under a legal duty to report, but not including, in a criminal case, a matter observed by law-enforcement personnel, or 3) against the government in a criminal case, factual findings from a legally authorized investigation, unless the opponent shows the source of information or other circumstances indicate a lack of trustworthiness. Fed. R. Evid. 803(8). Public records are a recognized hearsay exception at common law based on the assumption that public officials will perform their duties properly and tje unlikelihood that they will remember details independently of the record. *Id*. at Advisory Committee Notes.

The public records exception assumes admissibility in the first instance and provides that the party opposing admission has the burden to prove inadmissibility. *Shelton v. Consumer Products Safety Com'n*, 277 F.3d 990, 1010 (8th Cir. 2002). Consistent with this presumption in favor of admissibility, portions of investigatory reports otherwise admissible under Rule 803(8) are not inadmissible merely because they state a conclusion or opinion. *Beech Aircraft Corp. v. Rainey*, 488 U.S. 153, 170 (1988). As

3

long as the conclusion is based on a factual investigation and satisfies the rule's trustworthiness requirement, it should be admissible along with other portions of the report. *Id*. Because these facts are admissible as public records under Fed. R. Evid. 803(8), the government's hearsay objections to these matters should be rejected.

**2. The proffered evidence supports the Defendants' theory of defense.**

Each of the proffered facts is relevant to explaining the actions of the Defendants. Defendants acted with the intent to ameliorate the humanitarian crisis in Cameroon and to counteract rampant human rights abuses committed against English-speaking Southern Cameroonians.

Defendants submit a theory of defense that negates the element of specific intent to aid a terrorist organization or activity, an element in each Circuit with a model instruction for 18 U.S.C. 2339A. "To be convicted under Section 2339A, a defendant must have possessed the specific intent that the material support or resources provided would be used to further unlawful terrorist activity." Seventh Circuit Model Jury Instructions (Criminal), Pattern Crim. Jury Instr. 7th Cir., at p. 974 (2023 Ed.); accord Eleventh Circuit Model Jury Instructions (Criminal), Pattern Crim. Jury Instr. 11th Cir., at O91.1 (See Docs. 129-1, 129-2, for complete copies of the Seventh and Eleventh Circuit Model Instruction for 18 U.S.C. 2339A). "Note the difference between Section 2339A and Section 2339B: in Section 2339A, the object of the intent or knowledge requirement is the terrorist activity itself; in contrast, the

4

mental state for a conviction under Section 2339B requires only that the defendant seek to further the terrorist organization, not necessarily its specific acts." Seventh Circuit Model Jury Instructions (Criminal), Pattern Crim. Jury Instr. 7th Cir., at p. 974 (2023 Ed.).

WHEREFORE, Defendants respectfully request that the Court take judicial notice of the proffered facts and documents, pre-admit the same as motions in limine, and permit Defendants to proceed on their proposed theory of defense.

Respectfully submitted,

/s/*Stephen C. Moss*
STEPHEN C. MOSS
Assistant Federal Public Defender
1000 Walnut, Suite 600
Kansas City, Missouri 64106
(816) 471-8282
steve_moss@fd.org
**Attorney for Defendant Chi**

/s/*Jackson R. Hobbs*
Jackson R. Hobbs, MO #71004
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone: 816-292-200
Fax: 816-292-2001
Jackson.hobbs@lathropgpm.com
**Attorney for Defendant Chenyi**

/s/*J. Lindsey Ikram*
J. Lindsey Ikram, MO #68155
Wood Ikram Law Firm
105 E. 5th Street, Suite 402
Kansas City, Missouri 64106
Telephone: 816-875-4649
Fax: 816-466-5009
Lindsey@woodikramlaw.com
**Attorney for Defendant Langmi**

## CERTIFICATE OF SERVICE

It is certified the foregoing was electronically filed and e-mailed to all parties on this 21st day of March, 2025, under the ECF System.

/s/***Stephen C. Moss***
STEPHEN C. MOSS