IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> CLAUDE CHI, ET AL., <br><br> Defendant. | Case No. 22-00261-01/03-CR-W-RK |

**THE UNITED STATES OF AMERICA'S SECOND SUGGESTIONS IN OPPOSITION TO DEFENDANTS' JOINT SECOND MOTION FOR JUDICIAL NOTICE, ADVANCED MOTION IN LIMINE TO ADMIT EVIDENCE, AND PROPOSED THEORY OF DEFENSE FOR TRIAL**

The United States of America, through Assistant United States Attorneys Sean T. Foley and Joseph M. Marquez and Trial Attorney for the National Security Division Michael Dittoe, files these Second Suggestions in Opposition to Defendants Claude Chi, Francis Chenyi, Sr., and Lah Langmi's ("Defendants") Joint Second Motion for Judicial Notice, Advanced Motion in Limine to Admit Evidence, and Proposed Theory of Defense at Trial ("Second Motion"), Doc. 155.

## I.  INTRODUCTION & BACKGROUND

Defendants initially sought to satisfy their burden of production to obtain self-defense, defense of others, coercion/duress, and lawful combatant immunity instructions ("the defenses") by citing to various documents. *See* Doc. 155. Following the Government's Suggestions in Opposition to Defendant's Second Motion highlighting why they could not obtain the defenses based on the evidence provided, and requesting the Court rule as much *in limine*, Doc. 160 at 4. Defendants filed what effectively were proffers in advance of an evidentiary hearing the Court had set outlining the evidence they had in support of their attempts to satisfy their burden of production to obtain the defenses. *See* Docs. 167-169.

That evidence, though, also fails to satisfy Defendants' burden of production. *United States v. Davidson*, 108 F.4th 706, 710 (8th Cir. 2024). This Court should rule *in limine* that Defendants are not entitled to the defenses. Indeed, no conceivable proffer exists by which a defendant charged with these crimes could obtain self-defense, defense of others, coercion/duress, or the lawful combatant immunity defense in these circumstances. Defendants were here in the United States of America, not being threatened by anyone, under no duress, choosing free from any coercion to supply money and material for years to build weapons of mass destruction ("WMD") and kidnap people abroad in the country where they used to live.

Defendants' proffers, instead, set forth a broadsided policy disagreement with Congressional statutes. Defendants are essentially asking this Court to create a new defense—and effectively set aside various well-worn Congressional statutes in so doing—that allows a defendant to supply material to create WMDs and kidnap others when that defendant, personally, feels morally justified in committing the offense. That is not the law. This case is about what these Defendants did within the United States, not what another government did in another country. Those living in the United States, regardless of the individual's belief in the morality of their cause, are prohibited from providing support to use WMDs and kidnapping others in support of one side to a non-international crisis. *See United States v. Mohamed Abdihamid Farah*, 899 F.3d 608, 615 (8th Cir. 2018).

## II. ARGUMENT & AUTHORITIES

### A. *This Court Should Rule in Limine that Defendants have not met their Burden of Production, and thus are not Entitled to Instructions at Trial, regarding Self-Defense, Defense of Others, Coercion/Duress, or the Lawful Combatant Immunity Defense.*

#### i. *Defendants are not entitled to self-defense or defense of others instructions.*

Even viewed in the light most favorable to them, Defendants' proffers are insufficient to meet their burden of production for self-defense and defense of others. *Davidson*, 108 F.4th at 710 (citation and quotation marks omitted). First, none of the proffers allege any of these Defendants needed to do the acts they did to protect themselves "from unlawful physical harm *about to be inflicted upon [them]* by another." *Id.* (quoting *Hall v. United States*, 46 F.3d 855, 857 (8th Cir. 1995) (emphasis added)). Rather, they contend they provided support to protect an entire region of people "to counteract the danger posed by the Cameroon government." Doc. 167 at 2; *see also* Doc. 168 at 3 ("But for the brutal, unlawful violence directed at the Ambazonian people by the Cameron [sic] government, Mr. Langmi would not have acted."); Doc. 169 at 5 ("Mr. Chenyi acted only response to extensive and widespread government-sponsored violence in the territory."). However, a defense of others instruction is not allowed when a defendant is claiming they acted to generally prevent civilian suffering at the hands of another government. *See Farah*, 899 F.3d at 615. Defense of others has an immediacy element that Defendants cannot establish—that is, to obtain the defense, one must be acting to protect another who "is in immediate danger of unlawful bodily harm[.]" *United States v. Oakie*, 709 F.2d 506, 506–07 (8th Cir. 1983) (quoting W. LaFave & A. Scott, Handbook on Criminal Law § 54, at 398 (1972)). Defendants do not allege that element and the Second Motion cites no authority entitling them to these defenses.

Moreover, the United States fails to understand how providing support to kidnap a local leader and a Catholic Cardinal and laundering money to carryout specified unlawful activities can be defended against with a defense of others instruction. *See* Doc. 1. Defendants' proffers do not allege that the local leader or the Catholic Cardinal were on their way to harm anyone. *See Oakie*, 709 F.2d at 507. Nor do they allege that conspiring to kidnap people was not "more force than he

reasonably believes necessary to relieve the risk of harm," if they could have explained any risk of harm at the outset. *Id.*

                *ii.*        *Defendants are not entitled to coercion or duress instruction.*

Coercion is an "excuse" for committing a criminal act. *United States v. Logan*, 49 F.3d 352, 359 (8th Cir. 1995). "A defendant has the initial burden to introduce facts sufficient to trigger a district court's consideration of a coercion defense." *United States v. Harper*, 466 F.3d 634, 648 (8th Cir. 2006)

> Coercion which will excuse the commission of a criminal act must be immediate and of such nature as to induce a well-grounded apprehension of death or serious bodily injury if the act is not done. One who has full opportunity to avoid the act without danger of that kind cannot invoke the doctrine of coercion and is not entitled to an instruction submitting that question to the jury.

*Logan*, 49 F.3d at 359; *see also United States v. Diaz*, 736 F.3d 1143, 1150 (8th Cir. 2013).

Here, Defendants' proffers fail to provide any evidence they engaged in this years-long conspiracy under any duress. First, and most obviously, Defendants do not allege that anyone was in the United States threatening them with "death or serious bodily injury" should they not engage in the conspiracy. *Id.* Defendants were under no duress at any time; no one was coercing them to do anything. They were not as a matter of law somehow being coerced to violate federal laws here based on their belief that another government in another country is violating laws and harming others.

Next, Defendants had various "reasonable, legal alternative[s] to violating the law." *United States v. Ladeaux*, 61 F.4th 582, 587 (8th Cir. 2023) (internal quotation marks and citation omitted). They could have advocated, for instance. One may not simply excuse criminal conduct when, although the person has reasonable, legal alternatives, that person feels like those alternatives won't work as well as violating the law.

4

### iii. Defendants again are not entitled to a lawful combatant immunity defense.

The Government has already shown why this defense fails as a matter of law in other filings. *See e.g.,* Doc. 116. While Defendants' proffers allege that "[o]nce the people of Southern Cameroon declared their independence . . . the situation changed from internal to international *given the history of the Cameroons*," Doc. 169 at 4 (emphasis added), the disturbances and violence in Cameroon are not an international armed conflict for purposes of the lawful combatant immunity defense as a matter of law. The lawful combatant immunity defense is "applicable only in international armed conflicts *between signatories of the [Geneva] Conventions*." *United States v. Hamidullin*, 888 F.3d 62, 66 (4th Cir. 2018); *see also* Doc. 116 at 10. None of the proffers allege that "Ambazonia" is a signatory of the Geneva Conventions because it is not. Doc. 93 at 11. Thus, Defendants are not entitled to this defense as a matter of law as this Court has intimated twice already. *See* Docs. 126, 160.

Defendants next contend that the offenses they committed "are exempted from prosecution" because they were "political offenses." Doc. 169 at 6. Defendants argue they are permitted to violate federal criminal law when another country on another continent does something they believe constitutes something called a "primary illegality." Doc. 168 at 3; *see also* Doc. 169 at 8. However, Defendants' Second Motion cites no caselaw showing these are defenses to federal crimes. And while appears that this "political offense exception" may arise in some extradition cases depending on the precise wording of an extradition treaty, *see e.g., Quinn v. Robinson*, 783 F.2d 776, 781 (9th Cir. 1986), Defendants cite no case showing it may be invoked as a substantive defense.[1] One simply may not defend a federal criminal violation by arguing they

---

[1] Defendants' Second Motion cites *Quinn*, but says the "Political Offense Doctrine seeks to shield from criminal liability" certain people. *See* Doc. 155 at 4 n.1. *Quinn* though involved extradition, not defenses to federal offenses. *See Quinn*, 783 F.2d at 781 ("This case requires us to examine the parameters of a foreign sovereign's right

5

were committed for "political" purposes, nor can one point to another entity's acts in another country to negate criminal acts here.

## III. CONCLUSION

WHEREFORE, the United States respectfully asks this Honorable Court to deny the Defendants' Joint Second Motion for Judicial Notice, Advanced Motion in Limine to Admit Evidence, and Proposed Theory of Defense at Trial.

FURTHER, the United States respectfully asks this Honorable Court issue and Order *in limine* ruling that Defendants are not entitled to instructions at trial on self-defense, defense of others, coercion/duress, or the lawful combatant immunity defense.

Respectfully submitted,

R. Matthew Price
United States Attorney

By: */s/ Sean T. Foley*
Sean T. Foley
Assistant United States Attorney

*/s/ Joseph M. Marquez*
Joseph M. Marquez
Assistant United States Attorney

*/s/ Michael Dittoe*
Trial Attorney

Charles Evans Whittaker Courthouse
400 East Ninth Street, Suite 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

---

to bring about the extradition of an accused who maintains that the offenses with which he is charged are of a political character.").

# CERTIFICATE OF SERVICE

The undersigned hereby certify that a copy of the foregoing was delivered on October 8, 2025, to the CM-ECF of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

*/s/ Sean T. Foley*
Sean T. Foley
Assistant United States Attorney

*/s/ Joseph M. Marquez*
Joseph M. Marquez
Assistant United States Attorney

*/s/ Michael Dittoe*
Trial Attorney

7

Case 4:22-cr-00261-RK   Document 173   Filed 10/08/25   Page 7 of 7