IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>FRANCIS CHENYI, SR.,<br><br>　　　　　　　　Defendant. | Case No. 22-00261-02-CR-W-RK |

**GOVERNMENT'S MOTION *IN LIMINE* TO PRECLUDE DEFENSE ARGUMENTS OF JURY NULLIFICATION AND INADMISSIBLE AND IRRELEVANT EVIDENCE**

The United States respectfully files this Motion *in Limine* ("Motion") to preclude Defendant Francis Chenyi, Sr. ("Chenyi" or "Defendant") from (1) arguing that duress, coercion, justification, necessity, defense of others, or self-defense excused his conduct or that he is entitled to lawful combatant immunity; and, relatedly, (2) introducing irrelevant evidence concerning allegations of bad acts by the Cameroonian government.

## I.　　INTRODUCTION

After extensive pre-trial briefing from the parties, the Court ruled that Defendant failed to meet his burden of production regarding the defenses of duress/coercion, necessity/justification, self-defense, defense of others or the lawful combatant immunity defense ("the Defenses") to either justify or excuse his acts. *See* Doc. 176 ("Order Denying Defenses"). Chenyi and his co-defendants collective pretrial briefing was focused not on the Government's allegations in the indictment regarding how their actions here in the United States violated United States laws, but rather on the acts of the Cameroonian government in Cameroon. *See e.g.* Doc. 169 at 3; *see also* Docs. 65, 142, 155, 165. The Court then held that "Defendants are not entitled to pursue" the Defenses at trial. Doc. 176 at 6.

## II.     ARGUMENT & AUTHORITIES

While the Government believes the Court's Order Denying Defenses should be self-executing, it nevertheless files this Motion out of an abundance of caution. This Court must ensure Defendant is precluded from making arguments or attempting to present evidence or intimating that, despite not satisfying his pre-trial burden of production, he was nevertheless, for instance, justified in his actions or lawfully defending others.

Relatedly, Defendant's pretrial briefing focused upon alleged bad acts by the Cameroonian government to support the Defenses. Doc. 169 at 3; *see also* Docs. 65, 142, 155, 165. This Court has now ruled that evidence did not satisfy as a matter of law his burden of production to establish, for instance, that the Cameroonian government's alleged acts coerced him to violate United States law. Doc. 176 at 5-6 ("In short, their purported justification pertain[s] only, in the most general terms, to [the ongoing internal conflict] and civilian suffering at the hands of the Cameroonian government in general, which is not sufficient to be entitled to these justification defenses to Defendants' individual criminal liability." (internal quotation marks and citation omitted)).

Thus, because the Defenses are unavailable to him as matter of law, evidence about the alleged bad acts by the Cameroonian government that Defendant focused on throughout this litigation to obtain those defenses is irrelevant and inadmissible. While the Government has long observed some evidence about the internal crisis in Cameroon is relevant and helpful to inform the jury of the *res gestae* of the case, *see e.g.* Doc. 160 at 6,[1] this Court should not permit irrelevant evidence to be admitted and confuse the issues actually before the jury. *See United States v. Lazzaro*, 129 F.4th 514, 529 (8th Cir. 2025). Put simply, because he may not defend these charges by arguing the Cameroonian government's alleged bad conduct coerced or required him to violate

---

[1] The Government intends on presenting expert testimony that will discuss, among other topics, the internal crisis in Cameroon's origins and participants.

United States law, then evidence or argument about the Cameroonian government's alleged bad acts are irrelevant, and "[i]rrelevant evidence is not admissible." *Id.* (quoting Fed. R. Evid. 402). Because the Cameroonian government's alleged bad acts are irrelevant to the charges and the defenses available to him, any evidence about them would be confusing, prejudicial, *see Fed. R. Evid. 403*, and designed simply to engender sympathy.

Thus, the United States requests the Court prohibit any argument or evidence that Defendant be entitled to the Defenses or introducing argument and evidence regarding the alleged bad acts by the Cameroonian government in the internal crises in Cameroon.

Respectfully submitted,

R. Matthew Price
United States Attorney

By   /s/ *Sean T. Foley*

Sean T. Foley
Assistant United States Attorney

and

*/s/ Joseph M. Marquez*

Joseph M. Marquez
Assistant United States Attorney
Charles Evans Whittaker Courthouse
400 East Ninth Street, Room 5510
Kansas City, Missouri 64106
Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on November 17, 2025, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

/s/ *Sean T. Foley*
Sean T. Foley
Assistant United States Attorney