# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## WESTERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

     v.                              Case No. 23-00261-02-CR-W-RK

FRANCIS CHENYI, SR.,

                Defendant.

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States of America, by and through its undersigned attorneys, respectfully submits the proposed jury instructions listed below and attached hereto for use by the Court during the trial of this matter. The United States reserves the right to supplement these proposed instructions as required to meet additional issues which may arise at trial.

I.      PRELIMINARY INSTRUCTIONS BEFORE OPENING STATEMENTS

     1.     0.01 (Instruction Before Voir Dire)

     2.     0.02 (Recess at End of Voir Dire)

     3.     1.01 (Duty of Jury)

     4.     1.02 (Elements of the Offense)

     5.     1.03 (Evidence) and 4.17 (Direct and Circumstantial Evidence)

     6.     1.05 (Credibility)

     7.     1.06A (Juror Note Taking)

     8.     1.06B (Questions by Jurors)

     9.     1.07 (Bench Conferences)

   10.     1.08 (Conduct of the Jury)

   11.     1.09 (Outline of Trial)

II.     INSTRUCTIONS FOR USE DURING TRIAL

   12.     2.01 (Recesses During Trial)

   13.     2.03 (Stipulation)

14.     2.06A (Transcript of Recorded Conversation)

15.     2.07 (Statement by Defendant)

16.     2.19 (Witness Who Has Pleaded Guilty)

III.     <u>FINAL INSTUCTIONS</u>

17.     3.01 (Follow Instructions)

18.     3.02 (Jurors Duty)

19.     3.03 and 4.17 (Evidence)

20.     1.06B (Questions by Jurors)

21.     3.04 (Credibility)

22.     4.10 (Expert)

23.     4.05B (Credibility – Cooperating Witness)

24.     3.06 (Description of Charges; Indictment Not Evidence; Presumption of Innocence; Burden of Proof (Single Defendant, Multiple Counts))

25.     5.06A-2 (Material Support or Resources Conspiracy)

26.     5.06A-2 (Conspiracy Elements)

27.     8.01 (Material Support or Resources)

28.     6.18.1956K (Conspiracy to Commit International Promotional Money Laundering)

29.     6.18.1956D (International Promotional Money Laundering); 6.18.1956J (Definitions).

30.     5.06D (Conspiracy; Co-Conspirator Act and Statements)

IV.     <u>FINAL INSTRUCTIONS: FINAL DEFINITIONS</u>

31.     7.05 (Intent or Knowledge)

32.     3.11 (Reasonable Doubt)

V.     <u>FINAL INSTRUCTIONS: VERDICTS</u>

33.     3.12 (Deliberation)

34.     Verdict Form—Count One

35.     Verdict Form—Count Two

36.     Verdict Form—Count Four

## INSTRUCTION NO. _

Members of the Jury Panel, if you have a smart watch or Apple watch, please turn it on airplane mode now. All cell phones should have been turned over to the custody of court security when you entered the courthouse. However, if you have a phone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, and until you leave the courthouse, you must leave it off.

I understand you may want to tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, charges, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as a phone, camera, recording device, computer, the Internet, any Internet service, any text or instant messaging service, any social media services or apps such as Facebook, Instagram, Snapchat, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused from your jury service.

Do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or apps, such as Google or Google Maps or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others in any way, shape or form during this trial?

Government's Instruction No. 1
SOURCE:  Eighth Circuit Model Criminal Jury Instructions
                No. 0.01

**INSTRUCTION NO. _**

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends.   Do not allow anyone to discuss the case with you or within your hearing.   "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

Government's Instruction No. 2
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                    No. 0.02

**INSTRUCTION NO. _**

Ladies and gentlemen: I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I shall give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions – both those I give you now and those I give you later – are equally binding on you and must be followed.

You must leave your cell phone, smart phone, iPhone and any other wireless communication or computer devices in the jury room during the trial and may only use them during breaks. The only exception to this rule is computer wrist watches. Computer wrist watches worn in the courtroom must have WiFi and internet connections powered down or turned off.

However, the rules change once the jury begins to deliberate on the verdict. You are not allowed to have cell phones in the jury room during your deliberations, and computer wrist watches must have internet and WiFi connections off during your deliberations. Before you start to deliberate, you will give your cell phone to LaTandra Wheeler for safekeeping. It will be returned to you when your deliberations are complete.

This is a criminal case, brought against the defendant, Francis Chenyi, Sr., by the United States Government. Mr. Chenyi is charged in what is called an indictment, which I will summarize for you now. You may notice that I skip one count number from the Indictment; that count is not before you in this trial.

Count One charges that, beginning on a date unknown but no later than January 1, 2018, and continuing until November 18, 2022, the defendant conspired with others to provide material support and resources that he knew and intended would be used in preparation for and in carrying out a conspiracy to kill, kidnap, and maim persons outside of the United States, and a conspiracy

to use a weapon of mass destruction outside of the United States.

Count Two charges that, on or about December 3, 2020, the defendant provided and attempted to provide material support and resources knowing and intending that they would be used in preparation for and in carrying out a conspiracy to use a weapon of mass destruction outside of the United States.

Count Four charges that beginning on a date unknown but no later than January 1, 2018, and continuing until November 18, 2022, the defendant conspired to launder funds internationally to promote the carrying on of a conspiracy to kill, kidnap, and maim persons outside of the United States and a conspiracy to use a weapon of mass destruction outside of the United States.

You should understand that an indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty and is presumed to be innocent unless and until proved guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you. You should not take anything I may say or do during the trial as indicating what I think of

the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

Government's Instruction No. 3
SOURCE:    Eighth Circuit Model Criminal Jury Instructions
                     No. 1.01

**INSTRUCTION NO. _**

You have heard that Defendant is charged with two counts of conspiracy: (1) conspiracy to provide material support or resources, as charged in Count One and (2) conspiracy to commit international promotional money laundering, as charged in Count Four. I will now briefly explain the crime of conspiracy. This explanation is a short summary designed to provide context for the evidence you may hear during the trial.

A conspiracy is an agreement or understanding between two or more people to act for an unlawful purpose. The agreement does not need to be a formal agreement or in writing. It does not matter whether the unlawful acts were actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The members of an agreement do not all have to join it at the same time. A person can join an agreement even if that person did not know all the details of the agreement or reach an agreement with every person you determine was a participant in the agreement. A person joins an agreement by voluntarily and intentionally participating in the unlawful plan with the intent to further its unlawful purpose.

Government's Instruction No. 4
SOURCE:       Eighth Circuit Model Criminal Jury Instructions
                       No. 1.02

## INSTRUCTION NO. _

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses, documents, and other things received as exhibits, any facts that I have been stipulated—that is, formally agreed by the parties, and any facts that have been judicially noticed—that is, facts which I say you may, but are not required to, accept as true, even without evidence.

Certain things are not evidence. I will tell you now what is not evidence:

1.  Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2.  Documents or other things that might be in court or talked about, but that I do not receive as exhibits, are not evidence.

3.  Objections are not evidence. Lawyers have a right, and sometimes a duty, to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

4.  Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence, and you must not be considered.

5.  Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Government's Instruction No. 5
SOURCE:     Eighth Circuit Model Criminal Jury Instructions, No. 1.03 (modified)

**INSTRUCTION NO. _**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent mis recollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

Government's Instruction No. 6
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                      No. 1.05

**INSTRUCTION NO. _**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this you have to pay close attention to the testimony.

If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let taking notes distract you so that you do not hear other answers by the witness.

When you leave at night, your notes will be secured and not read by anyone.

Government's Instruction No. 7
SOURCE:      <u>Eighth Circuit Model Criminal Jury Instructions</u>
             No. 1.06A (modified)

**INSTRUCTION NO. _**

When the lawyers have finished asking all of their questions of a witness, you may propose questions in order to clarify the testimony. The procedure for submitting questions is as follows:

Submit your questions in writing on note cards provided to the jury.

Do not express any opinion about the testimony or argue with a witness in your questions. Do not sign your questions.

Each and every juror will submit a note card regardless of whether a question has been written by a juror. If you do not have a question, go ahead and write on your note card, "no questions." In other words, every juror will submit a note card upon completion of the attorneys' questioning of a witness, no matter if your note card has a question or questions written on it or if your note case has "no questions" written on it.

I will review each question with the lawyers. You may not receive an answer to your question. There may be several reasons for this. Do not feel slighted or disappointed if your question is not asked. A question may not be allowed if it is not proper under the rules of evidence; or even if the question is proper, you may not get an immediate answer, because a witness or an exhibit you will see later in the trial may answer your question. Remember, you are not advocates for either side; you are impartial judges of the facts.

Government's Instruction No. 8
SOURCE: <u>Eighth Circuit Model Criminal Jury Instructions</u>
No. 1.06B (modified)

**INSTRUCTION NO. _**

During the trial, I will sometimes need to talk privately with the lawyers.   I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers.   Either way, please understand that while you are waiting, we are working.   We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion and mistakes.   We will do what we can to limit the number of these conferences and to keep them as short as possible.

Government's Instruction No. 9
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                    No. 1.07

**INSTRUCTION NO. __**

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended, and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to LaTandra Wheeler.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even to pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk to or visit with you.

*Fifth*, it may be necessary for you to tell your family, close friends, teachers, coworkers, or employer that you have been selected as a juror in this trial. You can explain when you are required to be in court, but you should warn them not to ask you about this case, tell you anything they know or think they know about this case, or discuss this case in your presence. As previously stressed by the Court, you must not communicate with anyone or post information about the

parties, witnesses, participants, charge, evidence, or anything else related to this case. You must not tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, it could create the perception that you have clearly decided the case or that you may be influenced in your verdict by their opinions. That would not be fair to the parties, and it may result in the verdict being thrown out and the case having to be retried. During the trial, while you are in the courthouse and after you leave for the day, do not provide any information to anyone by any means about this case until I have accepted your verdict.

*Sixth*, do not do any research or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use any computerized devices or phones to electronically search online for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge.

*Seventh*, do not read anything about this case, whether it is a news story, an article in print, something online, something on social media, or in any blog or app about this case or anyone involved with it.

The parties have a right to have the case decided only on evidence they know about and that has been introduced here in court. If you do any research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. All of the parties are entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in

accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Remember, you have taken an oath to abide by these rules and you must do so. Failure to follow these instructions may result in the case having to be retried and could result in you being held in contempt.

*Eighth*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

*Ninth*, faithful performance by you of your duties as jurors is vital to the administration of justice. You should perform your duties without prejudice or fear, and solely from a fair and impartial consideration of the whole case. Our system of justice depends on jurors like you being able and willing to make careful and fair decisions. A first response is often like a reflex; it may be quick and automatic. Even though a quick response may not be the result of conscious thought, it may influence how we judge people or even how we remember or evaluate evidence. You must not decide this case based on personal likes or dislikes, sympathy, prejudice, fear, public opinion, or biases, including unconscious biases such as stereotypes, attitudes, or preferences that people may consciously reject but may express without conscious awareness, control, or intention. Take the time to reflect carefully and consciously about the evidence.

Government's Instruction No. 10
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                No. 1.08 (modified)

**INSTRUCTION NO. __**

The trial will proceed in the following manner:

First, the government attorney will make an opening statement. Next, the defendant's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendant may cross-examine. Following the government's case, the defendant may, but does not have to, present evidence, testify, or call other witnesses. If the defendant calls witnesses, the government counsel may cross-examine them.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. Just as with opening statements, closing arguments are not evidence. I will instruct you further on the law. After that, you will retire to deliberate on your verdict.

Government's Instruction No. 11
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                No. 1.09 (modified)

**INSTRUCTION NO. __**

We are about to take a recess, and I remind you of the instruction I gave you earlier. Do not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. Do not allow anyone to discuss the case with you or within your hearing. Only you have been chosen as jurors in this case, and only you have sworn to uphold the law no one else has been chosen to do this. You should not even talk among yourselves about the case before you have heard all the evidence and the case has been submitted to you by me for deliberations, because it may affect your final decision. If anyone tries to talk to you about the case, please let me know about it immediately.

When I say, "you must not discuss the case with anyone," I mean do not read, send or receive e-mail messages, text messages, or anything on the internet about this case or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read, watch or listen to any news reports of the trial. Do not conduct any electronic research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly, based solely on the testimony, evidence presented in this courtroom, and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It would be a violation of your oath for you to base your decision on someone else's view or opinion, or upon other information you acquire outside the courtroom. It is very important that you follow these instructions.

I may not repeat these things to you before every recess but keep them in mind throughout the trial.

Government's Instruction No. 12
SOURCE:     <u>Eighth Circuit Model Criminal Jury Instructions</u>, No. 2.01 (modified)

**INSTRUCTION NO. __**

The government and the defendant have stipulated—that is, they have agreed—that certain facts are as counsel will state. You must therefore treat those facts as having been proved.

Government's Instruction No. 13
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                      No. 2.03

**INSTRUCTION NO. __**

As you have heard, there is a transcript of the recording you are about to hear. That transcript also undertakes to identify the speakers engaged in the conversation.

The transcript is for the limited purpose of helping you follow the conversation as you listen to the recording, and also to help you keep track of the speakers. Differences in meaning between what you hear in the recording and read in the transcript may be caused by such things as the inflection in a speaker's voice. It is what you hear, however, and not what you read, that is the evidence.

[Whether the transcript correctly or incorrectly reflects the conversation or the identity of the speakers is entirely for you to decide based upon what you hear on the recording and what you have heard here about the preparation of the transcript, and upon your own examination of the transcript in relation to what you hear on the recording. If you decide that the transcript is in any respect incorrect or unreliable, you should disregard it to that extent.]

Government's Instruction No. 14
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                    No. 2.06A

**INSTRUCTION NO. __**

You have heard testimony that the defendant made a statement to the Federal Bureau of Investigation. It is for you to decide:

*First*, whether the defendant made the statement; and

*Second*, if so, how much weight you should give to it.

Government's Instruction No. 15
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                 No. 2.07

**INSTRUCTION NO. __**

You are about to hear that the witness (name) pleaded guilty to a crime which arose out of the same events for which the defendant is on trial here. You must not consider that guilty plea as any evidence of the defendant's guilt. You may consider that witness' guilty plea only for the purpose of determining how much, if at all, to rely upon his testimony.

Government's Instruction No. 16
SOURCE:    <u>Eighth Circuit Model Criminal Jury Instructions</u>
                   No. 2.19

**INSTRUCTION NO. __**

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.   I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.   You must not single out some instructions and ignore others, because all are important.   This is true even though some of those I gave you earlier are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.

Government's Instruction No. 17
SOURCE:   Eighth Circuit Model Criminal Jury Instructions
             No. 3.01 (modified)

**INSTRUCTION NO. __**

It is your duty to find from the evidence what the facts are.   You will then apply the law, as I give it to you, to those facts.   You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you.   The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Government's Instruction No. 18
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
              No. 3.02

**INSTRUCTION NO. __**

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated—this is, formally agreed to—by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1.    Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.    Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to any question, you must ignore the question and must not try to guess what the answer might have been.

3.    Anything you saw or heard about this case outside the courtroom is not evidence.

If you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Government's Instruction No. 19
SOURCE:    Eighth Circuit Model Criminal Jury Instructions
                No. 3.03 and 4.17

**INSTRUCTION NO. __**

During the trial, written questions by some members of the jury have been submitted to be asked of certain witnesses. Testimony answering a question submitted by a juror should be considered in the same manner as any other evidence in the case.

However, if you submitted a question that was not asked, do not speculate as to the court's ruling. There can be several reasons for such ruling, and you should draw no conclusion or inference because the question was not asked.

Government's Instruction No. 20
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                    No.1.06B (modified)

**INSTRUCTION NO. __**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe.   You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, and motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent mis-recollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

Government's Instruction No. 21
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                     No. 3.04 (modified)

**INSTRUCTION NO. __**

You have heard testimony from persons described as experts.   Persons who by knowledge, skill, training, education or experience, have become an expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony.   You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Government's Instruction No. 22
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
            No. 4.10

**INSTRUCTION NO. __**

You have heard evidence that (name) hopes to receive a reduced sentence on criminal charges pending against him in return for his cooperation with the government in this case. (Name) entered into an agreement with the government, which provides that, in return for his assistance, the government will recommend a less severe sentence if the prosecutor handling this witness' case believes he provided substantial assistance. The judge has no power to reduce a sentence for substantial assistance unless the government, acting through the United States Attorney, files such a motion. If such a motion for reduction of sentence for substantial assistance is filed by the government, then it is up to the judge to decide whether to reduce the sentence at all, and if so, how much to reduce it.

You may give the testimony of this witness such weight as you think it deserves. Whether or not testimony of a witness may have been influenced by his hope of receiving a reduced sentence is for you to decide.

Government's Instruction No. 23
SOURCE:        Eighth Circuit Model Criminal Jury Instructions
                     No. 4.05B (modified)

**INSTRUCTION NO. __**

The indictment in this case charges the defendant with three different crimes. Although the crimes charged in Counts One and Four both are forms of conspiracy, they are different and distinct crimes.

*Count One* charges that the defendant conspired with others to provide material support or resources, knowing and intending that such support or resources were to be used to prepare for and carry out a conspiracy to kill, kidnap or main persons in a foreign country or a conspiracy to use a weapon of mass destruction outside of the United States.

*Count Two* charges that the defendant provided and attempted to provide material support or resources, knowing and intending that such support or resources were to be used to prepare for and carry out a conspiracy to use weapon of mass destruction outside of the United States.

*Count Four* charges that the defendant conspired with others to launder money from the United States to a place outside the United States with the intent to promote a conspiracy to kill, kidnap or main persons in a foreign country or a conspiracy to use a weapon of mass destruction outside of the United States.

The defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the Government proved during the trial, beyond a reasonable doubt, each element of the crimes charged.

Keep in mind that each count charges a separate crime. You must consider each count separately and return a separate verdict for each count.

There is no burden upon the defendant to prove that he is innocent. Instead, the burden of proof remains on the Government throughout the trial. [If requested by the defendant: Accordingly, the fact that the defendant did not testify must not be considered by you in any way, or even discussed, in arriving at your verdicts.]

Government's Instruction No. 24
SOURCE:     <u>Eighth Circuit Model Criminal Jury Instructions</u>
                 No. 3.06

## INSTRUCTION NO. __

Title 18, United States Code, Section 2339A, makes it a crime to conspire to provide material support or resources in preparation for or in carrying out certain specified offenses, which are sometimes referred to as "predicate offenses."

Count One of the Indictment charges a conspiracy to provide material support or resources in preparation for and in carrying out two predicate offenses: 1) A conspiracy to kill, kidnap, or maim persons in a foreign country; or 2) A conspiracy to use a weapon of mass destruction outside of the United States.

The crime of conspiracy to provide material support or resources, as charged in Count One of the Indictment, has three elements, which are:

*One*, that between on or about January 1, 2018, and November 18, 2022, two or more people reached an agreement to commit the crime of providing material support or resources to be used in preparation for or in carrying out another conspiracy; specifically, a conspiracy to murder, kidnap, or maim somebody outside the United States, or another conspiracy to use a weapon of mass destruction outside of the United States, or both.

*Two*, the defendant voluntarily and intentionally joined in the agreement, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement, the defendant knew the purpose of the agreement.

The term "material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, communications equipment, facilities, weapons, lethal substances, explosives, personnel, and transportation. It does not include medicine or religious materials.

To "provide" material support or resources means "making available" material support or resources.

There is no overt act requirement in order to find that the defendant conspired to provide material support or resources as charged in Count One.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count One; otherwise, you must find the defendant not guilty of this crime.

Government's Instruction No. 25
SOURCE:    Eighth Circuit Model Criminal Jury Instructions 5.06A-2 (modified for 18 U.S.C.
§ 2339A); *United States v. Hassan*, 742 F.3d 104, 140 (4th Cir. 2014)

**INSTRUCTION NO. __**

I will now provide further explanation of the elements of the conspiracy charged in Count One.

**Element One -**

Element One requires that two or more people reached an agreement to commit the crime of providing material support or resources in preparation for or in carrying out a predicate offense of: 1) A conspiracy to kill, kidnap, or maim persons in a foreign country; and/or 2) A conspiracy to use a weapon of mass destruction outside of the United States. For you to find that the government has proved a conspiracy, you must unanimously find that there was an agreement to act for either or both of these purposes. You must unanimously agree which predicate offense or offenses motivated the members of the agreement to act. If you are unable to unanimously agree on at least one of these purposes, you cannot find the defendant guilty of conspiracy to provide material support or resources.

The agreement between two or more people to commit the crime of providing material support or resources does not need to be a formal agreement or be in writing. A verbal or oral understanding can be sufficient to establish an agreement.

It does not matter whether the crime of providing material support or resources was actually committed or whether the alleged participants in agreement actually succeeded in accomplishing their unlawful plan.

The agreement may last a long time or a short time. The members of an agreement do not all have to join it at the same time. You may find that someone joined the agreement even if you find that person did not know all of the details of the agreement.

A person may be a member of the agreement even if the person does not know all of the other members of the agreement or if the person agreed to play only a minor part in the agreement.

**Element Two -**

Element Two requires that the defendant voluntarily and intentionally joined the agreement.

If you have determined that two or more people reached an agreement to commit the crime of providing material support or resources, you must next decide whether the defendant voluntarily and intentionally joined that agreement, either at the time it was first formed or at some later time while it was still in effect.

Earlier, in deciding whether two or more people reached an agreement to commit a crime of providing material support or resources, you could consider the acts and statements of each person alleged to be part of the agreement. Now, in deciding whether the defendant joined the agreement, you may consider only the acts and statements of the defendant.

A person joins an agreement to commit the crime of providing material support or resources by voluntarily and intentionally participating in the unlawful plan with the intent to further at least one of the predicate offenses. It is not necessary for you to find that the defendant knew all the details of the unlawful plan.

It is not necessary for you to find that the defendant reached an agreement with every person you determine was a participant in the agreement.

Evidence that a person was present at the scene of an event or acted in the same way as others or associated with others, does not, alone, prove that the person joined a conspiracy. A person who has no knowledge of a conspiracy, but who happens to act in a way that advances the purpose of the conspiracy, does not thereby become a member. A person's mere knowledge of the existence of a conspiracy, or mere knowledge that an objective of a conspiracy was being considered or attempted, or mere approval of the purpose of a conspiracy, is not enough to prove that the person joined in a conspiracy.

To help you decide whether the defendant conspired to provide material support or resources in preparation for or in carrying out the predicate offense of conspiracy to kill, kidnap, or maim persons in a foreign country, you should consider the elements of that predicate crime, which are:

*One*, a person agreed with at least one other person to kill, kidnap, or maim persons in a foreign country;

*Two*, a person intentionally joined the conspiracy to further that purpose;

*Three*, during the existence of the conspiracy, one of the conspirators committed at least one overt act in furtherance of the conspiracy; and

*Four*, at least one of the conspirators was within the United States when the agreement was made.

You may consider these elements in determining whether the defendant conspired to provide material support or resources for the predicate crime of conspiring to kill, kidnap, or maim persons in a foreign country, keeping in mind that this count of the indictment only charges a conspiracy to provide material support or resources to commit the predicate crime of conspiring to kill, kidnap, or maim persons in a foreign country and does not charge the defendant committed the predicate crime itself.

To help you decide whether the defendant conspired to provide material support or resources in preparation for or in carrying out the predicate offense of a conspiracy to use a weapon of mass destruction outside the United States, you should consider the elements of that predicate crime, which are:

*One*, a national of the United States;

*Two*, who without lawful authority;

*Three*, agreed with at least one other person; and

*Four*; to use a weapon of mass destruction outside the United States,

A "weapon of mass destruction" means any "destructive device," which is defined by the law to include, among other things, any explosive, bomb, incendiary, grenade, rocket, missile, or mine, as well as any combination of parts either designed or intended for use in converting any device into any destructive device. It also includes any type of weapon which will, or which may readily be converted to, expel a projectile by the action of an explosive or other propellant, and which has any barrel with a bore of more than one-half inch in diameter. A device that is not designed for use as a weapon does not constitute a "destructive device."

Lawful authority, in this context, would require that a person be expressly permitted and authorized by law to possess and threaten to use a weapon of mass destruction.

A "national of the United States" means a citizen of the United States.

You may consider these elements in determining whether the defendant conspired to provide material support or resources for the predicate crime of conspiring to use a weapon of mass destruction outside the United States, keeping in mind that this count of the indictment only charges a conspiracy to provide material support or resources to commit the predicate crime and does not charge the defendant committed the predicate crime itself.

**Element Three -**

Element Three requires that the defendant knew the purpose of the agreement at the time the defendant joined the agreement.

A person knows the purpose of the agreement if he is aware of the agreement and does not participate in it through ignorance, mistake, carelessness, negligence, or accident. It is seldom, if ever, possible to determine directly what was in the defendant's mind. Thus, the defendant's

knowledge of the agreement and its purpose can be proved like anything else, from reasonable conclusions drawn from the evidence.

It is not enough that the defendant and the other alleged participants in the agreement to commit the crime of conspiracy to provide material support or resources simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. The defendant must have known of the existence and purpose of the agreement. Without such knowledge, the defendant cannot be guilty of conspiracy, even if his acts furthered the conspiracy.

Government's Instruction No. 26
SOURCE:     Eighth Circuit Model Criminal Jury Instructions 5.06A-2 (modified for material support); *United States v. Wharton*, 320 F.3d 526, 537-38 (5th Cir. 2003).

**INSTRUCTION NO. __**

Title 18, United States Code, Section 2339A, makes it a crime to provide or attempt to provide material support or resources in preparation for or in carrying out certain predicate offenses.

Count Two of the Indictment charges the crime of providing and attempting to provide material support or resources in preparation for and in carrying out the predicate offense of conspiracy to use a weapon of mass destruction outside of the United States.

Providing Material Support or Resources

To prove that the defendant violated Count Two by actually providing material support or resources, the Government must prove the following two elements beyond a reasonable doubt:

*One*, the defendant knowingly provided material support or resources; and

*Two*, the defendant knew or intended that the provision of such material support or resources were to be used in preparation for or in carrying out the other crime of conspiracy to use a weapon of mass destruction outside of the United States.

I previously instructed you on the law regarding the crime of conspiracy to use a weapon of mass destruction outside of the United States (Instruction No. 26) and on the definition of the phrase "material support or resources." (Instruction 25).

If both of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count Two.

Attempted Provision of Material Support

In Count Two, the Government charged the defendant, in the alternative, with attempting to provide material support or resources in preparation for and in carrying out a conspiracy to use a weapon of mass destruction outside of the United States. If you find that the Government proved

beyond a reasonable doubt that the defendant actually provided material support or resources, you need not consider this alternative. But if you find that the Government did not prove beyond a reasonable doubt that the defendant actually provided material support or resources, you must consider whether the Government proved beyond a reasonable doubt that the defendant attempted to provide material support or resources.

The defendant may be found guilty of an attempt if the government proves beyond a reasonable doubt that he intended to provide material support in preparation for or in carrying out a conspiracy to use a weapon of mass destruction and voluntarily and intentionally carried out some act which was a substantial step toward that conspiracy to use a weapon of mass destruction.

A "substantial step," as used in these instructions, must be something more than mere preparation, yet may be less than the last act necessary before the actual commission of the substantive crime. In order for behavior to be punishable as an attempt, it need not be incompatible with innocence, yet it must be necessary to the consummation of the crime and be of such a nature that a reasonable observer, viewing it in context could conclude beyond a reasonable doubt that it was undertaken in accordance with a design to violate the statute.

I remind you that the Government need prove only one of these two alternatives for you to find the defendant guilty on Count Two; the Government need not prove both.

Government's Instruction No. 27
SOURCE:    Eighth Circuit Model Criminal Jury Instructions 8.01 (modified for material support); *United State v. Wagner*, 884 F.2d 1090 (8th Cir. 1989) (substantial step definition); *United States v. Hassan*, 742F.3d 104, 140 (4th Cir. 2014) & 18 U.S.C.§ 2339A (element of material support); 18 U.S.C. § 2332a (conspiracy to use a weapon of mass destruction); *United States v. Farakh,* 1:15-cr-00268-BMC, Doc. 125 (S.D.N.Y. 2017) (instructing for both attempt and completed offenses).

**INSTRUCTION NO. __**

The crime of conspiracy to commit international promotional money laundering, as charged in Count Four of the Indictment, has four elements, which are:

*One*, on or between on or about January 1, 2018, and November 18, 2022, two or more persons reached an agreement to transmit, or transfer a monetary instrument or funds from a place in the United States to or through a place outside the United States, with the intent to promote the carrying on of one or more specified unlawful activities; specifically, a conspiracy to murder, kidnap, or maim somebody outside the United States, and/or a conspiracy to use a weapon of mass destruction outside of the United States.

*Two*, the defendant voluntarily and intentionally joined the agreement or understanding, either at the time it was first reached or at some later time while it was still in effect; and

*Three*, at the time the defendant joined in the agreement or understanding, he knew the purpose of the agreement or understanding.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime charged under Count Four; otherwise you must find the defendant not guilty of this crime.

Government's Instruction No. 28
SOURCE:     Eighth Circuit Model Criminal Jury Instructions 6.18.1956K (conspiracy).

**INSTRUCTION NO. \_\_\_\_\_**

I previously instructed you on the law governing conspiracy through Instruction Number 26.

To help you decide whether the defendant agreed to commit the crime of money laundering by international promotion, you should consider the elements of that crime, which are:

*One*, the defendant knowingly transmitted or transferred a monetary instrument or funds;

*Two*, the defendant did so with the intent to promote the carrying on of one or more of the specified unlawful activities, specifically, a conspiracy to murder, kidnap, or maim somebody outside the United States, and/or a conspiracy to use a weapon of mass destruction outside of the United States; and

*Three*, the act was from a place in the United States to or through a place outside the United States.

You may consider these elements in determining whether the defendant conspired to commit international promotion money laundering, keeping in mind that this count of the indictment only charges a conspiracy to and does not charge the defendant committed the crime of international promotional money laundering itself.

You are instructed, as a matter of law, that the term "specified unlawful activity" includes either or both of (i) conspiracy to use a weapon of mass destruction outside of the United States, and/or (ii) conspiracy to kill, kidnap, and maim persons in a foreign country. I previously instructed you on the elements of the crime of conspiracy to use a weapon of mass destruction outside of the United States (Instruction No. 26) and conspiracy to kill, kidnap, and maim persons in a foreign country (Instruction No. 26).

The term "funds" should be given its ordinary meaning, including items or instruments that can be used to pay for things.

The phrase "monetary instrument," means, among other things, coin or currency of the United States or of any other country, traveler's checks, cashier's checks, personal checks, and money orders.

Government's Instruction No. 29
SOURCE:     Eighth Circuit Model Criminal Jury Instructions 6.18.1956D (movement of monetary instruments and funds to promote SUA); 6.18.1956J (definitions).

**INSTRUCTION NO. __**

If you determined that an agreement existed and the defendant joined the agreement, then acts and statements knowingly done or made by a member of the agreement during the existence of the agreement and in furtherance of it, may be considered by you as evidence pertaining to the defendant, even though the acts and statements were done or made in the absence of and without the knowledge of the defendant. This includes acts done or statements made before the defendant joined the agreement, because a person who knowingly, voluntarily and intentionally joins an existing conspiracy becomes responsible for all of the conduct of the co-conspirators from the beginning of the conspiracy.

Government's Instruction No. 30
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                        No. 5.06D

**INSTRUCTION NO. __**

The defendant's intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Government's Instruction No. 31
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                    No. 7.05

**INSTRUCTION NO. __**

Reasonable doubt is doubt based upon reason and common sense and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Government's Instruction No. 32
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                No. 3.11

**INSTRUCTION NO. __**

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I shall list those rules for you now.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

*Third*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the Government has proved its case beyond a reasonable doubt.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict, whether guilty or not guilty, must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be that is entirely for you to decide.

*Fifth*, the verdict forms are your written decision in this case. You will take these forms to the jury room, and when each of you has agreed on the verdicts, your foreperson will fill in the forms, sign and date them, and tell LaTandra Wheeler that you are ready to return to the courtroom.

Government's Instruction No. 33
SOURCE:     <u>Eighth Circuit Model Criminal Jury Instructions</u>
                    No. 3.12 (modified)

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

      v.                           Case No. 23-00261-02-CR-W-RK

FRANCIS CHENYI, SR.,

                Defendant.

## <u>VERDICT FORM – COUNT ONE</u>

    We, the jury, find the defendant, Francis Chenyi, Sr., _____ of the crime
                                           [guilty/not guilty]

of conspiracy to provide material support or resources as charged in Count One of the

Indictment.

_____

DATE                                    FOREPERSON OF THE JURY

**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

UNITED STATES OF AMERICA,

                         Plaintiff,

        v.                              Case No. 23-00261-02-CR-W-RK

FRANCIS CHENYI, SR.,

                         Defendant.

## <u>VERDICT FORM – COUNT TWO</u>

We, the jury, find the defendant, Francis Chenyi, Sr., _____ of the crime

                                                     [guilty/not guilty]

of providing or attempting to provide material support or resources as charged in Count Two of

the Indictment.

_____
DATE

                 _____
                         FOREPERSON OF THE JURY

**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

      v.                          Case No. 23-00261-02-CR-W-RK

FRANCIS CHENYI, SR.,

                Defendant.

## <u>VERDICT FORM – COUNT FOUR</u>

We, the jury, find the defendant, Francis Chenyi, Sr., _____ of the crime

                                                  [guilty/not guilty]

of conspiracy to commit international promotional money laundering as charged in Count Four

of the Indictment.


_____           _____

DATE                                FOREPERSON OF THE JURY