## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:22-cr-00261-RK |
| | ) | |
| FRANCIS CHENYI, SR., | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT FRANCIS CHENYI'S PROPOSED JURY INSTRUCTIONS

Defendant Francis Chenyi, Sr. pursuant to Rule 70, submits the following proposed jury instructions for use at the trial of this matter. Defendant reserves the right to submit (prior to the jury instructions conference) any additional instructions or otherwise revise those that are submitted on even date herewith which may become necessary in response to the Government's proposed instructions and/or the evidence at trial.

DATED: November 24, 2025               Respectfully submitted,

By:    */s/ Jackson R. Hobbs*
_____
Jackson R. Hobbs, MO #71004
LATHROP GPM LLP
2345 Grand Boulevard, Suite 2200
Kansas City, Missouri 64108-2618
Telephone:   816-292-2000
Facsimile:    816-292-2001
Jackson.hobbs@lathropgpm.com

**Attorney for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certified that on November 24, 2025, a copy of the foregoing was electronically filed with the CM/ECF system of the United States District Court for the Western District of Missouri, which electronically notifies all counsel of record.

*/s/ Jackson R. Hobbs*
An Attorney for Defendant

81396784.v1

# JURY INSTRUCTIONS FOR FRANCIS CHENYI, SR. CRIMINAL TRIAL

## PRELIMINARY INSTRUCTIONS

Instruction No. 1    0.01 (Instruction Before Voir Dire) (Modified)

Instruction No. 2    0.02 (Recess at End of Voir Dire)

Instruction No. 3    1.01 (Duty of Jury) (Modified)

Instruction No. 4    1.02 (Elements of the Offense) (Modified)

Instruction No. 5    1.03 (Evidence) (Modified) and 4.17 (Direct and Circumstantial Evidence)

Instruction No. 6    1.05 (Credibility) (Modified)

Instruction No. 7    1.06A (Juror Note Taking) (Modified)

Instruction No. 8    1.06B (Questions by Jurors) (Modified)

Instruction No. 9    1.07 (Bench Conferences) (Modified)

Instruction No. 10   1.08 (Conduct of the Jury) (Modified)

Instruction No. 11   1.09 (Outline of Trial) (Modified)

## DURING-TRIAL INSTRUCTIONS

Instruction No. 12   2.01 (Recesses During Trial) (Modified)

Instruction No. 13   2.03 (Stipulation)

## FINAL INSTRUCTIONS

Instruction No. 14   3.01 (Follow Instructions)

Instruction No. 15   3.02 (Jurors Duty)

Instruction No. 16   3.03 and 4.17 (Evidence)

Instruction No. 17   1.06B (Questions by Jurors) (Modified)

Instruction No. 18   4.12 (Schedules, Summaries, Charts)

Instruction No. 19   3.04 (Credibility)

Instruction No. 20   4.10 (Expert)

Instruction No. 21   3.06 (Indictment)

81396784.v1

| | |
|---|---|
| Instruction No. 22 | 6.18 (Verdict Director), *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 18) and 3.09 (Elements of Offense—Burden of Proof) |
| Instruction No. 23 | *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 19) (Elements of Conspiracy) |
| Instruction No. 24 | 18 U.S.C. § 2339B(g)(4), 18 U.S.C. § 2339A(b)(1), *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 21) (Additional Definitions) |
| Instruction No. 25 | *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 22) (Knowingly Definition) |
| Instruction No. 26 | 6.18 (Verdict Director), *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 26) and 3.09 (Elements of Offense—Burden of Proof) |
| Instruction No. 27 | *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 29) (Elements of Attempt) |
| Instruction No. 28 | 6.18 (Verdict Director), *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 25) and 3.09 (Elements of Offense—Burden of Proof) |
| Instruction No. 29 | 3.11 (Reasonable Doubt) |
| Instruction No. 30 | 7.05 (Intent or Knowledge) |
| Instruction No. 31 | 9.05 and *United States v. Yielding*, 657 F.3d 688, 709 (8th Cir. 2011) (Theory of Defense), and *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 32) (General Defense Contention) |
| Instruction No. 32 | 9.05 and *United States v. Yielding*, 657 F.3d 688, 709 (8th Cir. 2011) (Theory of Defense) |
| Instruction No. 33 | 9.04 (Defense of Third Person) (modified) and 9.05 and *United States v. Yielding*, 657 F.3d 688, 709 (8th Cir. 2011) (Theory of Defense) |
| Instruction No. 34 | 3.12 (Deliberation) |
| Verdict Forms | 11.01 |

5

## INSTRUCTION NO. 1

Members of the Jury Panel, if you have a smart watch or Apple watch, please turn it on airplane mode now. All cell phones should have been turned over to the custody of court security when you entered the courthouse. However, if you have a phone or any other wireless communication device with you, please take it out now and turn it off. Do not turn it to vibration or silent; power it down. During jury selection, and until you leave the courthouse, you must leave it off.

I understand you may want to tell your family, close friends, and other people about your participation in this trial so that you can explain when you are required to be in court, and you should warn them not to ask you about this case, tell you anything they know or think they know about it, or discuss this case in your presence. You must not post any information on a social network, or communicate with anyone, about the parties, witnesses, participants, charges, evidence, or anything else related to this case, or tell anyone anything about the jury's deliberations in this case until after I accept your verdict or until I give you specific permission to do so. If you discuss the case with someone other than the other jurors during deliberations, you may be influenced in your verdict by their opinions. That would not be fair to the parties and it would result in a verdict that is not based on the evidence and the law.

While you are in the courthouse and until you are discharged in this case, do not provide any information to anyone by any means about this case. Thus, for example, do not talk face-to-face or use any electronic device or media, such as a phone, camera, recording device, computer, the Internet, any Internet service, any text or instant messaging service, any social media services or apps such as Facebook, Instagram, Snapchat, or Twitter, or any other way to communicate to anyone any information about this case until I accept your verdict or until you have been excused from your jury service.

6

Do not do any research -- on the Internet, in libraries, in the newspapers, or in any other way -- or make any investigation about this case on your own. Do not visit or view any place discussed in this case and do not use Internet programs or apps, such as Google or Google Maps or other devices to search for or to view any place discussed in the testimony. Also, do not research any information about this case, the law, or the people involved, including the parties, the witnesses, the lawyers, or the judge until you have been excused as jurors.

The parties have a right to have this case decided only on evidence they know about and that has been presented here in court. If you do some research or investigation or experiment that we don't know about, then your verdict may be influenced by inaccurate, incomplete or misleading information that has not been tested by the trial process, including the oath to tell the truth and by cross-examination. Each of the parties is entitled to a fair trial, rendered by an impartial jury, and you must conduct yourself so as to maintain the integrity of the trial process. If you decide a case based on information not presented in court, you will have denied the parties a fair trial in accordance with the rules of this country and you will have done an injustice. It is very important that you abide by these rules. Failure to follow these instructions could result in the case having to be retried.

Are there any of you who cannot or will not abide by these rules concerning communication with others in any way, shape or form during this trial?

Chamber's Model Instruction No. 1, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                 No. 0.01 (modified)

81396784.v1

# INSTRUCTION NO. 2

During this recess, and every other recess, do not discuss this case among yourselves or with anyone else, including your family and friends. Do not allow anyone to discuss the case with you or within your hearing. "Do not discuss" also means do not e-mail, send text messages, blog or engage in any other form of written, oral or electronic communication, as I instructed you before.

Do not read any newspaper or other written account, watch any televised account, or listen to any radio program on the subject of this trial. Do not conduct any Internet research or consult with any other sources about this case, the people involved in the case, or its general subject matter. You must keep your mind open and free of outside information. Only in this way will you be able to decide the case fairly based solely on the evidence and my instructions on the law. If you decide this case on anything else, you will have done an injustice. It is very important that you follow these instructions.

I may not repeat these things to you before every recess, but keep them in mind until you are discharged.

Chamber's Model Instruction No. 2, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
             No. 0.02

81396784.v1

# INSTRUCTION NO. 3

Ladies and gentlemen: I shall take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I shall give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions—both those I give you now and those I give you later—are equally binding on you and must be followed.

This is a criminal case, brought against the defendant, Francis Chenyi, Sr. by the United States Government. The defendant is charged with multiple counts of criminal conduct. These charges are set forth in what is called an Indictment, which is summarized as follows:

*Count One:*

The defendant is charged with Conspiracy to Provide Material Support to Terrorists in violation of Section 2339A(a) of Title 18 of the United States Code. Specifically, the defendant is charged with providing money, property, weapons, and services, knowing and intending that such money, property, weapons, and services were to be used in preparation for, and in carrying out a conspiracy to kill, kidnap, and maim persons in a foreign country, and conspiracy to use a weapon of mass destruction outside of the United States.

*Count Two:*

The defendant is charged with Providing Material Support to a Terrorist Organization in violation of Section 2339A(a) of Title 18 of the United States Code. Specifically, the defendant is charged with unlawfully and knowingly providing 310,000 Central African CFA francs, knowing and intending that this would be used in preparation for and in carrying out a conspiracy to use a weapon of mass destruction outside of the United States.

*Count Three:*

The defendant is charged with Conspiracy to Launder Monetary Instruments to Terrorists

9

in violation of Section 1956(a)(2)(A) & (h) of Title 18 of the United States Code. Specifically, the defendant is charged with unlawfully and knowingly conspiring and agreeing to transmit and transfer monetary instruments and funds from a place in the United States to Cameroon with the intent to promote the carrying on of a conspiracy to use a weapon of mass destruction Outside of the United States, and conspiracy to kill, kidnap, and main persons in a foreign country.

You should understand that an Indictment is simply an accusation. It is not evidence of anything. The defendant has pleaded not guilty, and is presumed to be innocent unless and until proven guilty beyond a reasonable doubt.

It will be your duty to decide from the evidence whether the defendant is guilty or not guilty of the crimes charged. From the evidence, you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You may use reason and common sense to draw deductions or conclusions from the facts which have been established by the evidence. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts, but you must follow my instructions, whether you agree with them or not. You have taken an oath to do so.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

Finally, please remember that only this defendant, not anyone else, is on trial here, and that this defendant is on trial only for the crimes charged, not for anything else.

10

Chamber's Model Instruction No. 3, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
            No. 1.01 (modified)

81396784.v1

# INSTRUCTION NO. 4

In order to help you follow the evidence, I will now give you a brief summary of the elements of the crimes charged, which the government must prove beyond a reasonable doubt to make its case.

The crime of Conspiracy to Provide Material Support or Resources to Terrorists in violation of Section 2339A(a) of Title 18 of the United States Code, as charged in Count One, has two elements, which are:

*One*, beginning on a date unknown, but no later than January 1, 2018, and continuing to on or about November 18, 2022, there was an agreement between two or more persons to provide material support or resources knowing or intending that the material support or resources were to be used in preparation for, or to carry out:

(a) The killing of persons in a foreign country; or

(b) The use of a weapon of mass destruction outside of the United States, with all of you either agreeing on either a, or b, or both.

*Two*, the defendant became a member of the conspiracy knowing of its unlawful object and intending to help accomplish it.

The crime of Providing Material Support or Resources to Terrorists in violation of Section 2339A(a) of Title 18 of the United States Code, as charged in Count Two, has two elements, which are:

*One,* on or about December 3, 2020, the defendant unlawfully and knowingly provided and attempted to provide material support or resources, namely, 310,000 Central African CFA francs;

12

*Two,* the defendant did so knowing or intending that the material support or resources were to be used in preparation for and in carrying out a conspiracy to kill persons in a foreign country, namely Cameroon.

The crime of Conspiracy to Launder Monetary Instruments to Terrorists, as charged in Count Three, has two elements, which are:

*One,* beginning on a date unknown but no later than January 1, 2018, and continuing to November 18, 2022, the defendant unlawfully and knowingly conspired and agreed to transfer or transmit money or funds from a place in the United States to a place outside of the United States, namely Cameroon, with the intent to promote the carrying on of one or more of the following specified unlawful activities:

(a) Providing material support or resources to terrorists in violation of Section 2339A(a) of Title 18 of the United States Code; or

(b) Conspiracy to kill persons in a foreign country in violation of Section 956 of Title 18 of the United States Code;

With all of you unanimously agreeing on at least one of these specified unlawful activities; and

*Two,* the defendant became a member of the conspiracy knowing its unlawful purpose and intending to help accomplish it.

You should understand, however, that what I have just given you is only a preliminary outline. At the end of the trial I will give you final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial must govern you.

Chamber's Model Instruction No. 4, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE: Eighth Circuit Model Criminal Jury Instructions No. 1.02 (modified)

81396784.v1

## INSTRUCTION NO. 5

When I use the word "evidence," I mean the testimony of witnesses; documents and other

things I receive as exhibits; facts that I tell you the parties have agreed are true; and any other

facts that I tell you to accept as true. Some things are not evidence. I will tell you now what is

not evidence:

1.      Lawyers' statements, arguments, questions, and comments are not evidence.

2.      Documents or other things that might be in court or talked about, but that I do not
        receive as exhibits, are not evidence.

3.

4.      Objections are not evidence. Lawyers have a right – and sometimes a duty – to
        object when they believe something should not be a part of the trial. Do not be
        influenced one way or the other by objections. If I sustain a lawyer's objection to a
        question or exhibit, that means the law does not allow you to consider that
        information. When that happens, you have to ignore the question or the exhibit, and
        you must not try to guess what the information might have been.

4.      Testimony and exhibits that I strike from the record, or tell you to disregard, are
        not evidence, and you must not consider them.

5.      Anything you see or hear about this case outside the courtroom is not evidence,
        and you must not consider it unless I specifically tell you otherwise.

Also, I might tell you that you can consider a piece of evidence for one purpose only, and

not for any other purpose. If that happens, I will tell you what purpose you can consider the

evidence for and what you are not allowed to consider it for. You need to pay close attention

when I give an instruction about evidence that you can consider for only certain purposes,

because you might not have that instruction in writing later in the jury room.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence."

You should not be concerned with those terms, since the law makes no distinction between the

weight to be given to direct and circumstantial evidence.

Chamber's Model Instruction No. 5, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions

81396784.v1

No. 1.03

**INSTRUCTION NO. 6**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or a lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

Chamber's Model Instruction No. 6, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions

15

No. 1.05

81396784.v1

**INSTRUCTION NO. 7**

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written copy of the testimony to refer to. Because of this you have to pay close attention to the testimony and other evidence as it is presented here in the courtroom.

If you wish, however, you may take notes to help you remember what witnesses say. If you do take notes, do not show them to anyone until you and your fellow jurors go to the jury room to decide the case after you have heard and seen all of the evidence. And do not let taking notes distract you from paying close attention to the evidence as it is presented.

When you leave at night, your notes will be secured and not read by anyone.

Chamber's Model Instruction No. 7, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:        Eighth Circuit Model Criminal Jury Instructions
                     No. 1.06A

# INSTRUCTION NO. 8

When the lawyers have finished asking all of their questions of a witness, you may propose questions in order to clarify the testimony. The procedure for submitting questions is as follows:

Submit your questions in writing on note cards provided to the jury.

Do not express any opinion about the testimony or argue with a witness in your questions.

Do not sign your questions. Each and every juror will submit a note card regardless of whether a question has been written by a juror. In other words, every juror will submit a note card upon completion of the attorney's questioning of a witness, no matter if your note card is blank or you have written a question or questions on it.

I will review each question with the lawyers. You may not receive an answer to your question. There may be several reasons for this. Do not feel slighted or disappointed if your question is not asked. A question may not be allowed if it is not proper under the rules of evidence; or even if the question is proper, you may not get an immediate answer, because a witness or an exhibit you will see later in the trial may answer your question. Remember, you are not advocates for either side; you are impartial judges of the facts.

Chamber's Model Instruction No. 8, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
             No.1.06B (modified)

81396784.v1

# INSTRUCTION NO. 9

During the trial, I will sometimes need to talk privately with the lawyers. I may talk with them here at the bench while you are in the courtroom, or I may call a recess and let you leave the courtroom while I talk with the lawyers. Either way, please understand that while you are waiting, we are working. We have these conferences to make sure that the trial is proceeding according to the law and to avoid confusion and mistakes. We will do what we can to limit the number of these conferences and to keep them as short as possible.

Chamber's Model Instruction No.9, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                    No. 1.07

## INSTRUCTION NO. 10

Jurors, to make sure this trial is fair to both parties, you must follow these rules:

*First*, do not talk or communicate among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to consider your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom do not let anyone tell you anything about the case, or about anyone involved with it, until the trial has ended and your verdict has been accepted by me. If someone should try to talk to you about the case during the trial, please report it to my clerk, LaTandra Wheeler, or me.

*Fourth*, during the trial, do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—not even to pass the time of day. It is important not only that you do justice in this case, but also that you act accordingly. If a person from one side of the lawsuit sees you talking to a person from the other side—even if it is just about the weather—that might raise a suspicion about your fairness. So when the lawyers, parties and witnesses do not speak to you in the halls, on the elevator or the like, you should know that they are not being rude. They know they are not supposed to talk to you while the trial is going on, and they are just following the rules.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. In fact, until the trial is over, I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are, you might inadvertently find yourself reading or listening to something before you could do anything about it. If you want,

20

you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. It is important for you to understand that this case must be decided by the evidence presented in the case and the instructions I give you.

*Sixth*, do not do any research or make any investigation on your own about any matter involved in this case. By way of examples, that means you must not read from a dictionary or a textbook or an encyclopedia or talk with a person you consider knowledgeable or go to the Internet for information about some issue in this case. In fairness, learn about the case only a from the evidence you receive here at the trial and apply it to the law as I give it to you.

*Seventh*, do not make up your mind during the trial about what your verdict should be. Keep an open mind until after you and your fellow jurors have discussed all the evidence.

Chamber's Model Instruction No. 10, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                    No. 1.08 (modified)

## INSTRUCTION NO. 11

The trial will proceed in the following manner:

First, the government attorney will make an opening statement. Next, the defendant's attorney may, but does not have to, make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The government will then present its evidence and counsel for the defendant may cross-examine. Following the government's case, the defendant may, but does not have to, present evidence, testify, or call other witnesses. If the defendant calls witnesses, the government counsel may cross-examine them.

After you have seen and heard all of the evidence, the lawyers will make their closing arguments to summarize and interpret the evidence. Just as with opening statements, closing arguments are not evidence. After the closing arguments, I will instruct you further on the law, and you will go to the jury room to deliberate and decide on your verdict.

Chamber's Model Instruction No. 11, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:       Eighth Circuit Model Criminal Jury Instructions
                       No. 1.09

81396784.v1

# INSTRUCTION NO. 12

We are about to take a recess and I remind you of the instruction I gave you earlier.

During this recess or any other recess, you must not discuss this case with anyone, including the other jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. Do not read, watch or listen to any news reports of the trial. Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.

Chamber's Model Instruction No. 12, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                     No. 2.01

23

## INSTRUCTION NO. 13

The government and the defendant have stipulated – that is, they have agreed – that

certain facts are as counsel will state. You must therefore treat those facts as having been proved.

Chamber's Model Instruction No. 13, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                 No. 2.03

81396784.v1

## INSTRUCTION NO. 14

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial are still in effect. Now I am going to give you some additional instructions.

You have to follow all of my instructions – the ones I gave you earlier, as well as those I give you now. Do not single out some instructions and ignore others, because they are all important. This is true even though I am not going to repeat some of the instructions I gave you at the beginning of and during the trial.

You will have copies of the instructions I am about to give you now in the jury room. Remember, you have to follow all instructions, no matter when I give them, whether or not you have written copies.

Chamber's Model Instruction No. 14, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                  No. 3.01

81396784.v1

**INSTRUCTION NO. 15**

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

Chamber's Model Instruction No. 15, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                     No. 3.02

81396784.v1

# INSTRUCTION NO. 16

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and the facts that have been stipulated – this is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I shall list those things again for you now:

1.      Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

2.      Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to any question, you must ignore the question and must not try to guess what the answer might have been.

3.      Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

Some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms. The law makes no distinction between direct and circumstantial evidence. You should give all evidence the weight and value you believe it is entitled to receive.

Chamber's Model Instruction No. 16, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                No. 3.03 and 4.17

27

# INSTRUCTION NO. 17

During the trial, written questions by some members of the jury have been submitted to be asked of certain witnesses. Testimony answering a question submitted by a juror should be considered in the same manner as any other evidence in the case.

However, if you submitted a question that was not asked, do not speculate as to the court's ruling. There can be several reasons for such ruling, and you should draw no conclusion or inference because the question was not asked.

Chamber's Model Instruction No. 17, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:     Eighth Circuit Model Criminal Jury Instructions

No.1.06B (modified)

81396784.v1

# INSTRUCTION NO. 18

You will remember that certain schedules, summaries, and charts were admitted into evidence. You may use those schedules, summaries, and charts as evidence, even though the underlying documents and records are not here. It is for you to decide how much weight, if any, you will give them. In making that decision, you should consider all of the testimony you heard about the way in which they were prepared.

Chamber's Model Instruction No. 18, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                No. 4.12

## INSTRUCTION NO. 19

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

You may consider a witness's intelligence; the opportunity the witness had to see or hear the things testified about; a witness's memory, knowledge, education, and experience; any reasons a witness might have for testifying a certain way; how a witness acted while testifying; whether a witness said something different at another time; whether a witness's testimony sounded reasonable; and whether or to what extent a witness's testimony is consistent with other evidence you believe.

In deciding whether to believe a witness, remember that people sometimes hear or see things differently and sometimes forget things. You will have to decide whether a contradiction is an innocent misrecollection, or lapse of memory, or an intentional falsehood; that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

Chamber's Model Instruction No. 19, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                       No. 3.04 (modified)

31

**INSTRUCTION NO. 20**

You have heard testimony from persons described as experts. Persons who by knowledge, skill, training, education or experience, have become an expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony. You may accept or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

Chamber's Model Instruction No. 20, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:       Eighth Circuit Model Criminal Jury Instructions
                    No. 4.10

# INSTRUCTION NO. 21

The Indictment in this case charges the defendant with Conspiracy to Provide Material Support or Resources to Terrorists in violation of Section 2339A(a) of Title 18 of the United States Code, Providing Material Support or Resources to Terrorists in violation of Section 2339A(a) and 2 of Title 18 of the United States Code, and Conspiracy to Launder Monetary Instruments in violation of Section 1956(a)(2)(A) and (h) of Title 18 of the United States Code. The defendant has pleaded not guilty to each of those charges.

The Indictment is simply the document that formally charges the defendant with the crimes for which he is on trial. The Indictment is not evidence. At the beginning of the trial, I instructed you that you must presume the defendant to be innocent. Thus, the defendant began the trial with a clean slate, with no evidence against him.

The presumption of innocence alone is sufficient to find the defendant not guilty and can be overcome only if the prosecution proved during the trial, beyond a reasonable doubt, each element of a crime charged.

Keep in mind that each count charges a separate crime. You must consider each count separately, and return a separate verdict for each count.

There is no burden upon a defendant to prove that he is innocent. Instead, the burden of proof remains on the government throughout the trial.

Chamber's Model Instruction No. 21, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:     Eighth Circuit Model Criminal Jury Instructions

81396784.v1

No. 3.06

# INSTRUCTION NO. 22

The crime of Conspiracy to Provide Material Support or Resources to Terrorists in violation of Section 2339A(a) of Title 18 of the United States Code, as charged in Count One of the Indictment, has two elements, which are:

*One*, beginning on a date unknown, but no later than January 1, 2018, and continuing to on or about November 18, 2022, there was an agreement between two or more persons to provide material support or resources knowing or intending that the material support or resources were to be used in preparation for, or to carry out:

(a) The killing of persons in a foreign country; or

(b) The use of a weapon of mass destruction outside of the United States, with all of you either agreeing on either a, or b, or both.

*Two*, the defendant became a member of the conspiracy knowing of its unlawful object and intending to help accomplish it.

If all of these elements have been proved beyond a reasonable doubt as to the defendant then you must find the defendant guilty of the crime charged under Count One; otherwise you must find the defendant not guilty of this crime under Count One.

Court's Instruction No. 22
SOURCES:　　Eighth Circuit Model Criminal Jury Instructions
　　　　　　　No. 6.18 and 3.09 (modified)
　　　　　　　*USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb.

35

19, 2013) (Final Jury Instructions, Instruction No. 18)

81396784.v1

## INSTRUCTION NO. 23

A conspiracy is a kind of criminal partnership—an agreement of two or more persons to commit one or more crimes. The crime of conspiracy is the agreement to do something unlawful; it does not matter whether the crime agreed upon was committed.

For a conspiracy to have existed, it is not necessary that the conspirators made a formal agreement or that they agreed on every detail of the conspiracy. It is not enough, however, that they simply met, discussed matters of common interest, acted in similar ways, or perhaps helped one another. You must find that there was a plan to commit at least one of the crimes alleged in the indictment as an object of the conspiracy with all of you agreeing as to the particular crime which the conspirators agreed to commit.

One becomes a member of a conspiracy by willfully participating in the unlawful plan with the intent to advance or further some object or purpose of the conspiracy, even though the person does not have full knowledge of all the details of the conspiracy. Furthermore, one who willfully joins an existing conspiracy is as responsible for it as the originators. On the other hand, one who has no knowledge of a conspiracy, but happens to act in a way which furthers some object or purpose of the conspiracy, does not thereby become a conspirator. Similarly, a person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists.

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join in at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all the other members.

81396784.v1

Even though a defendant did not directly conspire with others in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if the government proves each of the following beyond a reasonable doubt that:

1. The defendant directly conspired with one or more conspirators to carry out at least one of the objects of the conspiracy;

2. The defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired; and

3. The defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is not a defense that a person's participation in the conspiracy was minor or for a short period of time.

Court's instruction no. 23

81396784.v1

SOURCE: *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 19)

## JURY INSTRUCTION NO. 24

A "conspiracy to kill persons in a foreign country" means an agreement between two or more persons to commit an act or acts outside the United States that would constitute murder if committed in the United States, with one of the conspirators committing at least one act within the jurisdiction of the United States to affect the object of the conspiracy.

Murder means unlawful killing with "malice aforethought." "Malice aforethought" means an intent, at the time of a killing, willfully to take the life of a human being, or an intent willfully to act in callous and wanton disregard of the consequences of one's acts to human life.

A "conspiracy to use a weapon of mass destruction outside the United States" means an agreement between two or more persons, including at least one citizen of the United States, to use a weapon of mass destruction outside the United States without lawful authority.

"Weapon of mass destruction" means any explosive or incendiary bomb, grenade, mine, or similar device; or any weapon (other than a shotgun) that can expel a projectile by action of an explosive or propellant and with a barrel bore more than one-half inch in diameter.

"Provide" means to make available, furnish, or supply.

"Material support or resources" means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, or other physical assets.

Court's instruction no. 24
SOURCES: 18 U.S.C. § 2339B(g)(4) and 18 U.S.C. § 2339A(b)(1)

*USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 21)

81396784.v1

## JURY INSTRUCTION NO. 25

An act is done knowingly if the defendant is aware of the act and does not act through ignorance, mistake, or accident. The government is not required to prove that the defendant knew that his acts or omissions were unlawful. You may consider evidence of the defendant's words, acts, or omissions, along with all the other evidence, in deciding whether the defendant acted knowingly.

Court's instruction no. 25
SOURCE:    *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 22)

81396784.v1

## JURY INSTRUCTION NO. 26

The crime of Providing Material Support or Resources to Terrorists in violation of Section 2339A(a) of Title 18 of the United States Code, as charged in Count Two of the Indictment, has two elements, which are:

*One,*   on or about December 3, 2020, the defendant unlawfully and knowingly provided and attempted to provide material support or resources, namely, 310,000 Central African CFA francs;

*Two,*   the defendant did so knowing or intending that the material support or resources were to be used in preparation for and in carrying out a conspiracy to kill persons in a foreign country.

The phrase "conspiracy to kill persons in a foreign country" has the same meaning as defined in Instruction no. 24.

If all of these elements have been proved beyond a reasonable doubt as to the defendant then you must find the defendant guilty of the crime charged under Count Two; otherwise you must find the defendant not guilty of this crime under Count Two.

Court's instruction no. 26
SOURCES:    Eighth Circuit Model Criminal Jury Instructions
                 No. 6.18 and 3.09 (modified)
                 *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb.
                 19, 2013) (Final Jury Instructions, Instruction No. 26)

## JURY INSTRUCTION NO. 27

If you find beyond a reasonable doubt that the defendant provided material support or resources in preparation for, or to carry out, a conspiracy to kill persons in a foreign country or to use a weapon of mass destruction outside the United States, then you do not need to consider the question of attempt. If, however, you do not find that the government has proved beyond a reasonable doubt each of the elements of the offense of providing material support or resources in Count 2, then you should consider whether the government has proven that the defendant attempted to do so.

For the defendant to be found guilty of attempt, the government must prove each of the following elements beyond a reasonable doubt:

*One,* on or about December 3, 2020, the defendant intended to provide material support or resources, namely 310,000 Central African CFA francs,

*Two,* the defendant did so knowing or intending it was to be used in preparation for, or to carry out, a conspiracy to kill persons in a foreign country.

*Three,* the defendant did something that was a substantial step toward committing the crime.

Mere preparation is not a substantial step toward committing the crime. To constitute a substantial step, a defendant's act or actions must demonstrate that the crime will take place unless interrupted by independent circumstances.

Court's instruction no. 27
SOURCE:      *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb. 19, 2013) (Final Jury Instructions, Instruction No. 27)

81396784.v1

# INSTRUCTION NO. 28

The crime of Conspiracy to Launder Monetary Instruments to Terrorists in violation of Section 1956(a)(2)(A) & (h) of Title 18 of the United States Code, as charged in Count Three of the Indictment, has two elements, which are:

*One,* beginning on a date unknown but no later than January 1, 2018, and continuing to November 18, 2022, the defendant unlawfully and knowingly conspired and agreed to transfer or transmit money or funds from a place in the United States to a place outside of the United States, namely Cameroon, with the intent to promote the carrying on of one or more of the following specified unlawful activities:

(a) Providing material support or resources to terrorists in violation of Section 2339A(a) of Title 18 of the United States Code; or

(b) Conspiracy to kill persons in a foreign country in violation of Section 956 of Title 18 of the United States Code;

With all of you unanimously agreeing on at least one of these specified unlawful activities; and

*Two,* the defendant became a member of the conspiracy knowing its unlawful purpose and intending to help accomplish it.

If all of these elements have been proved beyond a reasonable doubt as to the defendant then you must find the defendant guilty of the crime charged under Count Three; otherwise you must find the defendant not guilty of this crime under Count Three.

Court's instruction no. 28
SOURCES:  Eighth Circuit Model Criminal Jury Instructions
          No. 6.18 and 3.09 (modified)
          *USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb.
          19, 2013) (Final Jury Instructions, Instruction No. 25)

81396784.v1

# INSTRUCTION NO. 29

Reasonable doubt is doubt based upon reason and common sense, and not doubt based on speculation. A reasonable doubt may arise from careful and impartial consideration of all the evidence, or from a lack of evidence. Proof beyond a reasonable doubt is proof of such a convincing character that a reasonable person, after careful consideration, would not hesitate to rely and act upon that proof in life's most important decisions. Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. Proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

Chamber's Model Instruction No. 29, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                No. 3.11

# INSTRUCTION NO. 30

Intent or knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge or intent.

You may, but are not required to, infer that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.

Chamber's Model Instruction No. 30, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:     <u>Eighth Circuit Model Criminal Jury Instructions</u>
            No. 7.05

81396784.v1

## JURY INSTRUCTION NO. 31

It is the theory of the defendant as to Count One, Two, and Three that the defendant only intended to aid persons in need in Cameroon and never intended to provide material support to murder anyone, or provide material support for the use of weapons of mass destruction without lawful authority. It is the defendant's theory of the case that the government has not proved beyond a reasonable doubt that the defendant intended to provide material support to murder in Cameroon, or to use a weapon of mass destruction without lawful authority. The defendant contends he intended only to aid others.

Under this theory of defense, the defendant contends he lacked the specific intent required to commit the offenses charged in Counts One, Two, and Three.

Court's instruction no. 31
SOURCE:  Eighth Circuit Model Criminal Jury Instructions
9.05
*United States v. Yielding*, 657 F.3d 688, 709 (8th Cir. 2011)
*USA v. Moalin, et al.*, No. 3:10-cr-04246-JM, 2013 WL 8351224 (S.D. Cal. Feb.
19, 2013) (Final Jury Instructions, Instruction No. 32)

81396784.v1

**INSTRUCTION NO. 32**

It is the theory of the defendant as to Counts One, Two, and Three that the defendant is entitled to the lawful combatant immunity defense. It is the defendant's theory of the case that lawful combatant immunity applies because the underlying conflict in Cameroon is covered by the Additional Protocols to the Geneva Conventions of 1949 Relating to the Protection of Victims of International Armed Conflicts. The defendant contends that the Additional Protocols to the Geneva Convention apply, so the defendant is entitled to the defense of lawful combatant immunity under international law.

Under this theory of defense, the defendant contends that the lawful combatant immunity defense applies to the offenses charged in Counts One, Two, and Three.

Court's instruction no. 32
SOURCE:     Eighth Circuit Model Criminal Jury Instructions
                    9.05
                    *United States v. Yielding*, 657 F.3d 688, 709 (8th Cir. 2011)

81396784.v1

# INSTRUCTION NO. 33

It is the theory of the defendant as to Counts One, Two, and Three that the defendant only intended to protect persons in Cameroon and never intended to inflict unlawful physical harm on another. The affirmative defense of defense of others has two elements, which are:

*One*,    if a person reasonably believes that force is necessary to protect another person from what he reasonably believes to be unlawful physical harm about to be inflicted by another and uses such force, then he acted in defense of the people of Cameroon.

*Two,*    defense of others which involves using force likely to cause death or great bodily harm is justified if the person reasonably believes that such force is necessary to protect the third person from what he reasonably believes to be a substantial risk of death or great bodily harm.

It is the defendant's theory of the case that the government has not proved beyond a reasonable doubt that the defendant did not act in defense of the people of Cameroon. Under this theory of defense, the defendant contends that defense of others applies to the offenses charged in Counts One, Two, and Three.

Court's instruction no. 33
SOURCES:    <u>Eighth Circuit Model Criminal Jury Instructions</u>
No. 9.04 (modified) and 9.05
*United States v. Yielding*, 657 F.3d 688, 709 (8th Cir. 2011)

81396784.v1

# INSTRUCTION NO. 34

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember, you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to LaTandra Wheeler and I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone – including me – how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdicts should be. The verdict is entirely up to you.

*Fifth*, if the defendant is found guilty, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case

50

beyond a reasonable doubt.

*Finally*, the verdict form is your written decision in this case. You will take this form to the jury room, and when you have all agreed on the verdicts, your foreperson will fill in the form, sign and date it, and tell LaTandra Wheeler, that you are ready to return to the courtroom.

Chamber's Model Instruction No. 34, available online at
https://www.mow.uscourts.gov/judges/ketchmark
SOURCE:      Eighth Circuit Model Criminal Jury Instructions
                No. 3.12 (modified)

# <u>VERDICT FORM</u>

## <u>COUNT ONE</u>

We, the jury, find the defendant, **Francis Chenyi, Sr.**, _____ of the crime
<em>(guilty/not guilty)</em>

of Conspiracy to Provide Material Support or Resources to Terrorists in violation of Section
2339A(a) of Title 18 of the United States Code, as charged in Count One of the Indictment under
Instruction No. 22.

_____            _____
DATE                               FOREPERSON OF THE JURY

Court's Verdict Form
SOURCE:        <u>Eighth Circuit Model Criminal Jury Instructions</u>
               No. 11.01

81396784.v1

## <u>VERDICT FORM</u>

## <u>COUNT TWO</u>

We, the jury, find the defendant, **Francis Chenyi, Sr.**, _____ of the crime

*(guilty/not guilty)*

of Providing Material Support or Resources to Terrorists in violation of Section 2339A(a) of

Title 18 of the United States Code, as charged in Count Two of the Indictment under Instruction

No. 26.

_____               _____

DATE                                                                      FOREPERSON OF THE JURY

Court's Verdict Form
SOURCE:        <u>Eighth Circuit Model Criminal Jury Instructions</u>
                         No. 11.01

81396784.v1

## <u>VERDICT FORM</u>

## <u>COUNT THREE</u>

We, the jury, find the defendant, **Francis Chenyi, Sr.**, _____ of the crime
<i>(guilty/not guilty)</i>

of Conspiracy to Launder Monetary Instruments to Terrorists in violation of Section

1956(a)(2)(A) & (h) of Title 18 of the United States Code, as charged in Count Three of the

Indictment under Instruction No. 28.


_____          _____
DATE                                                     FOREPERSON OF THE JURY

Court's Verdict Form
SOURCE:        Eighth Circuit Model Criminal Jury Instructions
                        No. 11.01

81396784.v1